**State v. Winters**
**Case No. C-880773**
**Hamilton County, (1st)**
**Decided February 7, 1990**
[Cite as 1 AOA 13]

*Arthur M. Ney, Jr., Prosecuting Attorney, and Philip R. Cummings, Esq., 420 Hamilton County Courthouse, 1000 Main Street, Cincinnati, Ohio 45202, for Plaintiff-Appellee,*

*Ferd H. Kleinhaus, Jr., Esq., 206 Hamilton County Courthouse, 1000 Main Street, Cincinnati, Ohio 45202, for Defendant-Appellant.*

*PER CURIAM.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court, the briefs and the arguments of the counsel.

Defendant-appellant Kenneth Winters appeals from two judgements convicting him of resisting arrest and assault. He presents three assignments of error: (1) the trial court erred by overruling his motion for acquittal of resisting arrest because the police were not authorized to arrest him outside of their jurisdiction; (2) the conviction of assault were against the manifest weight of the evidence; and (3) the trial court erred by recalling a witness before ruling on defendant's motion for acquittal. The assignments of error are not well taken.

At about 1:00 a.m. on July 19,1988, a bottle of wine was stolen from a convenience store in the city of Blue Ash, Ohio. Blue Ash police officers arrived to investigate, and they obtained from witnesses a description of the perpetrator and a license plate number. Two addresses were revealed in connection with the license plate number, one for defendant's residence in nearby Sycamore Township, and the other in Butler County. At the Sycamore Township address the officers saw the car involved in the theft, but when they discovered that the defendant was not at home, they left word for him to call the police station and departed to

check the Butler County address. Shortly thereafter, the officers received word that defendant had called, and they returned to his residence.

Within twenty to twenty-five minutes of the theft, two Blue Ash police officers arrived at defendant's residence and asked to speak to him.[1] When defendant came to the door, they told him he was under arrest for a theft at a convenience store. Defendant stated he was not going to be arrested, but when he started to run back into the house, one of the officers grabbed his arm. Defendant then began to fight, punching one of the officers in the face and then yelling that he was not going to jail. Eventually, defendant was subdued and placed under arrest.

Defendant was charged with theft, resisting arrest and two counts of assault. At the bench trial, the state dismissed the theft charge because the prosecuting witness could not be located. Defendant was acquitted of one assault but was convicted of the other assault and of resisting arrest.

The first assignment of error is that the trial court erred in overruling defendant's motion for acquittal on the charge of resisting arrest. Defendant argues that under R.C. 2921.33, it is a crime to resist only a lawful arrest, and that his arrest was unlawful because it occurred outside the jurisdiction of the Blue Ash police officers and was not authorized by R.C. 2935.03. Defendant is correct in his contention that a "lawful arrest" is an element of the offense of resisting arrest. *State vs. Hurst* (Nov. 22, 1989), Hamilton App. No. C-880706, unreported; *State v. Ervin* (Aug. 10, 1988), Hamilton App. No. C-870512, unreported; *Hoover v. Garfield Heights Municipal Court* (C.A.6, 1986), 802 F. 2d 168. R.C. 2935.03(D) authorizes police officers to make arrests outside their jurisdictions in certain circumstances. Under the statute, a police officer may "pursue, arrest, and detain" a person outside his jurisdiction if: (1) the pursuit takes place without unreasonable delay after the offense is committed; (2) the pursuit is initiated within the limits of the officer's jurisdiction; and (3) the offense involved is a felony or a first-degree misdemeanor.

While the theft offense involved here is a first-degree misdemeanor and the search for defendant was initiated in Blue Ash without any delay, defendant argues that there was no "pursuit" because the officers did not "chase"

him from the Blue Ash convenience store into Sycamore Township. We do not agree.

In *Terrace Park v. McBride* (Dec. 11, 1985), Hamilton App. No. C-850061, unreported, a police officer saw two cars driving erratically, one driven by the defendant. The officer stopped one of the cars and radioed to another officer to detain defendant's car, which had already left the officer's jurisdiction. Defendant was detained for fifteen minutes until the first officer arrived to arrest him. We found the officer's action to be a "pursuit" under R.C. 2935.03. Further, the Eighth District Court of Appeals held in *State v. Majors* (Mar. 23, 1989), Cuyahoga App. No. 56410, unreported, that an arrest was authorized by R.C. 2935.03 where a police detective investigating an earlier breaking and entering came upon a car driven by the defendant which matched a prior radio description, stopped the car and held it while witnesses were summoned to the roadside to identify the defendant. Thus, "pursuit" under R.C. 2935.03(D) need not be an uninterrupted chase, but may be part of the police investigation of an earlier crime.

In addition, courts in Pennsylvania have determined the meaning of "pursuit" under 19 Pa. Stat. §11, which permits an arrest outside an officer's jurisdiction "if such officer continues in pursuit" of the offender after the offense. In *United States v. Getz* (1974), 381 F. Supp. 43, 46, the court stated:

> Defendants argue that the arrest was invalid because the officers were not in 'hot' pursuit. Apparently, defendants contemplate that only a fender-smashing Hollywood style chase scene would satisfy the requirement of the statute. We do not read the act so restrictively. The statute on its face provides only that the arrest may be effected beyond the territorial limits of the officers' jurisdiction so long as 'such officer continues in pursuit of the offender * * *.' It does not specify that the officer must be in 'hot' pursuit. The phrase 'continues in pursuit' supports the conclusion that the statute contemplates 'fresh pursuit'. In the instant case, * * * [t]he officers proceeded diligently in their search for the fleeing robbers and there was no hiatus or interruption in their efforts. Accordingly, we conclude that the arrest was made beyond the territorial limits of the officers' jurisdiction, while the officers

were in pursuit of the felons within the purview of 19 P.S. § *11*.

See, also, *Pennsylvania v. Brown* (1982), 289 Pa. Super. 11, 444 A. 2d 149 ("pursuit" was found under the Pennsylvania statute and under *Getz, supra* where the victim of a robbery identified defendant by name and police went to defendant's home, outside of their jurisdiction to arrest him.)

Based upon the above authorities, we find in this case that the Blue Ash police "pursued" defendant. Only twenty to twenty-five minutes passed from the time of the theft to the time the officers arrived at defendant's home. During this time, the officers were continuously engaged in a search for the thief.

Thus, while there was no "hot" pursuit involving a high-speed chase, we believe the evidence supports the conclusion that the officers were in "fresh" pursuit that the arrest of defendant was authorized by R.C. 2935.03.

The first assignment of error is therefore overruled.

In his second assignment of error, defendant asserts that the conviction of assault is against the manifest weight of the evidence. He contends, based upon his argument in the first assignment of error, since that his arrest was unlawful, he had a right to "protect himself" from physical contact initiated by the police officers. Having found the arrest to be lawful in the first assignment of error, we find this assignment to be meritless.

The third assignment of error is that the trial court erred in recalling a state's witness before ruling on defendant's motion for acquittal at the close of the state's case.

The record reveals that after the defense made it's motion, the trial judge decided to recall one of the police officers, "just to clarify his comments about the phone calls. I thought I heard two different things."

We do not believe that the court's action in recalling the witness constituted a reservation of its ruling on defendant's motion contrary to Crim. R. 29(A). Instead, the court called the witness merely to obtain a restatement of the chronology of events following the theft, and not to place any new facts in evidence. Accordingly, we overrule the third assignment of error.

The judgement of the trial court is affirmed.

SHANNON, P.J., DOAN and GORMAN, JJ.

---

[1] The record does not reflect whether the two officers who went to defendant's residence were the same two officers who responded to the scene of the reported crime.